UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DROR INTERNATIONAL, L.P. AND NMI ENTERPRISES, INC. | CIVIL ACTION |
| VERSUS | NO: 09-3702 |
| THUNDERVISION, L.L.C., INDIVIDUALLY AND D/B/A HOMES AND GARDENS OF LOUISIANA MAGAZINE D/B/A LOUISIANA HEALTH MAGAZINE D/B/A LOUIISIANA HOMES & GARDENS, ROGER W. SMITH, AND DALE CL. HIGGINS. JR., WRIGHT AVENUE ASSOCIATES, LLC | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Thudervision, L.L.C.'s "Motion to Refer Case to Bankruptcy Court Pursuant to Local Rule 83.4.1" is **GRANTED**. (Document #3).

**IT IS FURTHER ORDERED** that the claims against Thundervision are **REFERRED** to the Bankruptcy Court for the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that the claims against Roger W. Smith, Dale C. Higgins, Jr., and Wright Avenue Associates, L.L.C. are **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## I. BACKGROUND

On July 6, 2007, DROR International, L.P. (DROR) filed a suit on open account in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Thundervision, L.L.C., individually and d/b/a Home & Gardens of Louisiana Magazine d/b/a Louisiana Homes and Gardens d/b/a Louisiana Health Magazine (Thundervision); Roger W. Smith, the owner and guarantor of Thundervision; and Dale C. Higgins, Jr., the manager and guarantor of Thundervision. DROR alleges that the defendants breached their contract by failing to pay invoices for goods and services under the printing agreement and by failing to provide the plaintiffs with notice of any defect.

On April 21, 2009, Thundervision, L.L.C. filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Louisiana under Chapter 11 of Title 11 of the United States Code. The case is currently pending. Thundervision removed the state-court, breach-of-contract case to federal court as a core proceeding in a pending bankruptcy case. Thundervision filed a motion to refer the case to the Bankruptcy Court, pursuant to Local Rule 83.4.1.

## II. DISCUSSION

Thundervision contends that DROR's the claim should be transferred to the Bankruptcy Court because the suit on open account is a core proceeding within the jurisdiction of the Bankruptcy Court. See 28 U.S.C. § 157 (a) and (b)(1).[1] Thundervision argues that DROR's

---

[1] (a) Each district court may provide that any or all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

claim is identical to Proof of Claim No. 4, in the amount of $181,411.40, that DROR filed in the bankruptcy proceeding as a general unsecured claim on May 26, 2009.

DROR objects to a referral of the entire case to the Bankruptcy Court. DROR argues that the charges under the printing agreement were personally guaranteed by Roger W. Smith, Dale C. Higgins, Jr., and Wright Avenue Associates, Inc. DROR requested relief from the automatic stay imposed by 11 U.S.C. § 362 as against non-debtors, Smith, Higgins, and Wright Avenue. The bankruptcy judge granted DROR's motion to lift the stay, "confirming that the stay does not extend to the principals of the company." DROR argues that Smith, Higgins, and Wright Avenue have been deemed solvent and should not be allowed to take advantage of the bankruptcy court. DROR contends that there would be unnecessary delay and judicial expense if the court were to refer claims against the solvent defendants to the Bankruptcy Court because the claims would be returned to this court. DROR does not object to referring the case, as it pertains to Thudervision, to the Bankruptcy Court because it is the only defendant who has filed for relief from the bankruptcy court.

Accordingly, the court refers the claims against Thundervision to the Bankruptcy Court as a core proceeding. The stay of the claims against Smith, Higgins, and Wright Avenue in the suit on open account has been lifted by the bankruptcy judge, and the case may proceed.

The case was removed from state court under 28 U.S.C. § 1334(a), which provides: "[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11."

---

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, or arising in a case under title 11, referred under subsection (a) of this section.

Because the claims against Smith, Higgins, and Wright Avenue do not arise under title 11, the court declines to exercise jurisdiction and remands the case against Smith, Higgins, and Wright Avenue to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where DROR originally filed the "Suit on Open Account."

New Orleans, Louisiana, this 15th day of July, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**